**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**WILSON TILLMAN,**

    **Plaintiff,**

vs.                                       **CASE NO. 4:23-CV-00068-WS-MAF**

**RICKY DIXON, SEC'Y,
FLA. DEP'T OF CORR.,
et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, Wilson Tillman, a prisoner proceeding *pro se*, filed a complaint, pursuant to 42 U.S.C. § 1983, followed by an amended complaint. ECF No. 1, 7. Plaintiff did not pay the requisite filing fee but filed an incomplete motion to proceed *in forma pauperis*, ECF No. 4, which the Court denied, ECF No. 6.

The Court screened Plaintiff's amended complaint as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and liberally construed his claims. See Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). Twice the Court identified certain deficiencies in Plaintiff's complaints and issued orders directing Plaintiff to amend and to file a complete IFP application or pay the filing fee.

ECF Nos. 3, 8. The Court, specifically, warned this case would be dismissed if Plaintiff failed to comply with court orders. Id. After careful consideration, for the reasons stated below, this case should be dismissed without prejudice because the amended complaint fails to state a claim upon which relief may be granted and Plaintiff failed to comply with court orders.

## I. Plaintiff's Amended Complaint, ECF No. 7.

Plaintiff sued three "John Doe" defendants at Lake Butler Regional Medical Center ("Lake Butler"), a correctional facility. ECF No. 7, pp. 2-3. Two are transportation officers sued in their individual capacities; the other is the warden sued in his official capacity.[1] Id. According to Plaintiff, on June 30, 2022, he was discharged from Jacksonville Memorial Hospital, following surgery, and was transported in a prison van (with other inmates) to Lake Butler. Id., pp. 5-6. Plaintiff was shackled and handcuffed in the van. Id. Defendants did not ensure Plaintiff was secured with a seatbelt, in violation of Florida law. Id., p. 6. Plaintiff accuses the transportation officers of reckless- or negligent driving, which resulted in an accident. Id. Without a seatbelt, Plaintiff fell to the floor and suffered neck and back injuries" Id.

---

[1] In the initial complaint, Plaintiff sued the transportation officers and Ricky Dixon, Secretary of the Florida Department of Corrections. ECF No. 1. Plaintiff does not name Dixon in the amended complaint. Accordingly, Dixon's status as a defendant in this case was terminated.

Plaintiff is 87 years old. Plaintiff asked the officers to return him to the hospital and to call a state trooper, but the officers refused because Lake Butler was thirty minutes away. Id. Upon arrival to Lake Butler, the transportation officers did not report the accident and did not bring the inmates to medical for any evaluation to assess their injuries. Id., p. 7.

While at Lake Butler, Plaintiff asked to see the doctor because he could not move his neck and his back was hurting; but he was threatened with a "D.R. if [he] kept it up." Id. Plaintiff does not attribute this encounter to any of the named defendants. Plaintiff reported the accident to a sergeant; and the sergeant told Plaintiff to speak with the captain. Id. The captain never came. Id. Plaintiff filed an informal grievance but never received a response because he was transferred to Graceville Correctional Institution. Id. Plaintiff claims the warden is responsible and has a duty to supervise the grievance procedure and to discipline and enforce orders and policies, but Plaintiff attributes no acts or omissions to the warden. Id.

Plaintiff seeks a declaration that Defendants violated his constitutional rights; $75,000 in compensatory damages against all Defendants jointly and severally; $10,000 against the driver of the prison van for carelessness and failing to secure Plaintiff's seatbelt; punitive damages in the amount of $25,000 against the transportation officers; and other relief. Id., pp. 9-10.

## II.  Shotgun Pleadings

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). "'Further, the allegations in the complaint 'must be simple, concise, and direct,' Fed. R. Civ. P. 8(d)(1), and the complaint must 'state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances,' Fed. R. Civ. P. 10(b)." LaCroix v. W. Dist. of Ky., 627 F. App'x 816, 818 (11th Cir. 2015).

"A 'shotgun pleading' -- one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief' -- does not comply with the standards of Rules 8(a) and 10(b)." Id. (citations omitted). The Eleventh Circuit "has repeatedly condemned shotgun pleadings." Id. (citing PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010)). Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and are insufficient to proceed. The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. See Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313,

1321-23 (11th Cir. 2015) (citations omitted). The most common type is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. at 1321. Next, is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. The third type of shotgun pleading does not separate "into a different count each cause of action or claim for relief." Id. at 1323. "Fourth, and finally, there is" the pleading which asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. "The unifying characteristic . . . is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

    Plaintiff does not offer any set of facts involving the warden. Similarly, Plaintiff alleges that he asked to see the doctor and was denied and threatened with a D.R. but provides no details about when this conversation occurred or who denied him access to medical care or who threatened him. Plaintiff states that the next morning he put in a request for sick call for his

injuries but does not indicate whether this request was accommodated or denied. Plaintiff does not attribute his request for treatment, the denial of his requests, or the threat of a "D.R." to any named defendant. Plaintiff's legal conclusions are insufficient. Because the complaint is a shotgun pleading, it is due to be dismissed. Plaintiff had the opportunity to amend but failed to do so. Even if Plaintiff were to amend, his claims are still subject to dismissal.

### III. The Respondeat Superior and Official Capacity Claims against the Warden Should Be Dismissed.

Plaintiff cannot pursue claims against the warden under a theory of vicarious liability. "(L)iability under § 1983 may not be based on the doctrine of *respondeat superior*." Craig v. Floyd County, 643 F.3d 1306, 1310 (11th Cir. 2011) (quoting Grech v. Clayton Cty., Ga., 335 F.3d 1326, 1329 (11th Cir. 2003); see Denno v. Sch. Bd. of Volusia Cty., 218 F.3d 1267, 1276 (11th Cir. 2000), cert. den'd, 531 U.S. 958 (2000). Instead, a government entity may be liable "only where the [government entity] itself causes the constitutional violation at issue." Cook ex. rel. Estate of Tessier v. Sheriff of Monroe Cty., Fla., 402 F.3d 1092, 1116 (11th Cir. 2005) (citations omitted).

Plaintiff does not establish that an official policy or custom was the "moving force" behind the alleged constitutional deprivation. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 693-94 (1978). The custom must be such "a longstanding and widespread practice [that it] is deemed authorized by

the policymaking officials because they must have known about it but failed to stop it." Craig, 643 F.3d at 1310 (citation omitted). Thus, the respondeat superior claims should be dismissed.

Also, Plaintiff sued the warden solely in his official capacity, but this claim is barred by Eleventh Amendment immunity. The warden is an employee of the prison, and, thus, the State of Florida. Florida's sovereign immunity extends to its agencies, subdivisions, or officers. See Alabama v. Pugh, 438 U.S. 781, 782 (1978); Fitzgerald v. McDaniel, 833 F.2d 1516 (11th Cir. 1987). That "bar exists whether the relief sought is legal or equitable." Papasan v. Allain, 478 U.S. 265, 276 (1986). Naming a government official in his official capacity is the equivalent of naming the governmental entity itself. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). A state official, however, may be sued in his official capacity when the suit alleges a constitutional violation by the official, acting in his official capacity and seeks only prospective injunctive relief. See Grizzle v. Kemp, 634 F.3d 1314, 1319 (11th Cir. 2011).

Plaintiff's allegations do not include any facts to suggest a policy or custom was the moving force behind the alleged violations. Moreover. Plaintiff is not seeking injunctive relief; and because he is no longer housed

at Lake Butler, any injunctive relief claims would be dismissed as moot. The official capacity claims should be dismissed.

### IV. The Negligence Claims and Criminal Allegations against the Transportation Officers Should Be Dismissed.

Plaintiff asserts negligence claims and state tort claims against the transportation officers, such as reckless driving and failing to properly secure Plaintiff with a seatbelt in violation of state law. It is well settled that negligent conduct on the part of government officials is not actionable under Section 1983. See Daniels v. Williams, 474 U.S. 327, 328 (1986). Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." Baker v. McCollan, 443 U.S. 137, 146 (1979). Dismissal is appropriate.

Similarly, to the extent Plaintiff seeks to pursue criminal charges against the transportation officers for reckless driving or for violating the state's traffic laws, such relief is unavailable. Federal- and state criminal statutes law, are designed for the protection of the public; however, Plaintiff's reliance on these statutes to create a private right of action is misplaced. See Linda R.S. v. Richard C., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); see also Love v. Delta Air Lines, 310 F.3d 1347, 1352-53 (11th Cir. 2002) (stating "[c]riminal statutes generally do not provide a private

cause of action"). The decision to prosecute generally rests entirely in a prosecutor's discretion. Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978). Plaintiff lacks standing; thus, dismissal is proper.

**V. The Deliberate Indifference Claims against the Transportation Officers Should Be Dismissed.**

In part because the complaint is a shotgun pleading, it is unclear whether Plaintiff has stated sufficient facts against the transportation officers to satisfy a claim for deliberate indifference in violation of the Eighth Amendment. In Estelle v. Gamble, 429 U.S. 97, 104 (1976), the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain'. . . proscribed by the Eighth Amendment." "Deliberate indifference" has three components: 1) subjective knowledge of a risk of serious harm; 2) disregard of that risk; and 3) conduct that is more than mere negligence. McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999). A medical need is serious when it "has been diagnosed by a physician as mandating treatment or … is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003).

Here, Plaintiff claims that the driver drove "fast and reckless" and braked quickly "after hitting or dodging something in the road." ECF No. 7, p. 5. This does not ordinarily suggest an intent to harm. Plaintiff also alleges

that, after the accident, the officers did not take the inmates to medical for an evaluation to see if anyone was injured. Plaintiff said he asked to see a doctor and was threatened with a "D.R.," but this scenario is not attributed to any of the defendants. Plaintiff does not show that defendants were aware of any serious risk of harm and disregarded that risk; and there must be more than negligent conduct. Ultimately, Plaintiff fails to state a claim.

## VI.  Failure to Comply with Court Orders

Plaintiff initiated this case with a legally insufficient complaint and did not submit an IFP application or pay the $402 filing fee. ECF No. 1. The Court issued an order directing Plaintiff to amend the deficiencies in the complaint and to file a complete IFP application by **March 15, 2023**. ECF No. 3. Plaintiff then filed an application to proceed IFP, but the Prisoner Consent Form and Financial Certificate was entirely blank. ECF No. 4. The Court denied the IFP motion, advised Plaintiff of the blank affidavit, and, again, ordered him to either file a completed IFP application or to pay the filing fee by the same deadline, since there was time remaining. ECF No. 6.

Plaintiff filed the instant amended complaint, which the Court screened. ECF No. 7. Again, the Court identified certain deficiencies and gave Plaintiff another opportunity to amend by **April 13, 2023**. ECF No. 8. The Court also reminded Plaintiff that there was time remaining, until March 15, to file a

complete IFP application or pay the fee. Id. The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). Id. Therefore, when the undersigned issues reasonable orders, which are ignored, he may recommend the dismissal of a case for failure to comply with those orders. See Freeze v. Sec'y, Dep't of Child. & Fams., 825 F. App'x 606, 610 (11th Cir. 2020) (citing Moon v. Newsome, 863 F.2d 835, 839 (11th Cir. 1989).

In recommending dismissal, the undersigned takes into consideration the following factors:

1. **The duration of Plaintiff's failure to comply**. The first order on February 13, 2023, directed Plaintiff to amend certain deficiencies in the complaint and to pay the filling fee or file a proper IFP motion by **March 15, 2023**. ECF No. 3. As of the date of the drafting of this Report, Plaintiff has not complied with that order.

2. **Plaintiff failed to comply with three court orders directing him to properly amend and to pay the filing fee or to file a proper IFP motion**:

    a. The order issued on February 13, 2023, ECF No. 3

    b. The order issued on March 1, 2023, ECF No. 6

    c. The order issued on March 13, 2023. ECF No. 8.

3. **Plaintiff received notice that failure to comply would likely result in dismissal.** The undersigned warned in each order that failure to comply with court orders would likely result in dismissal under the Rules. Despite the warnings, Plaintiff has not complied.

4. **Plaintiff is not likely to suffer substantial prejudice from the dismissal**. Because the recommendation is to dismiss the case without prejudice, Plaintiff could refile his claims should he choose to pursue it in the future. A new case is subject to a new case number and the $402 filing fee, unless Plaintiff is eligible for IFP status. Plaintiff is required to submit a complaint, complete with the full disclosure of his litigation history, and any motion to proceed IFP on the proper forms. Any IFP motion must be supported by the requisite inmate account statements representing the six-month period immediately preceding the filing of the complaint.

## VII. Conclusion and Recommendation

For the reasons set forth above, it is respectfully **RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE** because the complaint is a shotgun pleading and otherwise fails to state a proper claim for relief. Alternatively, the Court should dismiss this case because Plaintiff failed to comply with court orders directing him to amend the deficiencies in his complaint and to file a proper IFP motion or, alternatively, pay the fee, pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. Loc. R. 41.1. It is also **RECOMMENDED** that the case be **CLOSED**.

**IN CHAMBERS** at Tallahassee, Florida, on April 19, 2023.

<u>/s/ Martin A. Fitzpatrick</u>
MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).